UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMPEROR ELDER, | |
| Plaintiff, | |
| v. | No. 14 C 6495 |
| THOMAS DART, COOK COUNTY DEPARTMENT OF CORRECTIONS DIV. 2 – DORM 1 PERSONNEL, COOK COUNTY SHERIFF'S DEPARTMENT, | Judge Thomas M. Durkin |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Emperor Elder alleges that he was falsely arrested and mistreated at the Cook County Jail while he was detained there. R. 12. Specifically, he makes the following claims: Count I for deliberate indifference to his medical needs under 42 U.S.C. § 1983; Count II for denial of "religious freedom and practice"; Count III for failure to intervene; Count IV for denial of "access to legal information"; and Count V for conspiracy, as well as "violation of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claims that may be supported by the allegations of this complaint." R. 12 ¶ 38. Elder also alleges that Defendants "acted pursuant to a custom or policy of defendant municipality" in violating his rights, although he does not enumerate this claim as a separate count in his complaint. *Id.*

¶ 6. Cook County Sheriff Thomas Dart[1] has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss (1) Elder's claims against Dart, which must be made pursuant to the doctrine stated in *Monell v. Dep't of Social Servs. of the City of N.Y.*, 436 U.S. 658 (1978), and (2) Count V, to the extent that it includes claims for conspiracy to violate Elder's civil rights, and false arrest, false imprisonment, and malicious prosecution in violation of Illinois law. R. 13. For the following reasons, the Sheriff's motion is granted.

## Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual

---

[1] Elder does not make any allegations about Thomas Dart's personal conduct, so the Court assumes he has sued Dart in his official capacity as the Cook County Sheriff. Suing the Sheriff in his official capacity has the same legal effect as suing the Sheriff's Office. *See Budd v. Motley*, 711 F.3d 840, 843-44 (7th Cir. 2013) ("Because a suit against a government office and the officeholder are identical, the two defendants—the Sheriff and his office—are redundant on this claim.") (internal citation omitted). The Court will refer to the Sheriff and his Office collectively as the "Sheriff."

2

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

Complaints filed by pro se plaintiffs are held to "a less stringent standard than formal pleadings drafted by lawyers." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Because pro se plaintiffs do not have the benefit of legal expertise, courts are to ensure that their claims are given "fair and meaningful consideration." *Philos Tech., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 858 (7th Cir. 2011) (internal quotation marks and citation omitted).

**Background**

On March 4, 2014, Judge Tommy Brewer of the Illinois Circuit Court signed a civil contempt order against Elder for failure to pay child support. *See* R. 15.[2] Elder was arrested that day and taken to the Cook County Jail. R. 12 ¶ 7. He was eventually released on March 9. *Id.* Elder (referring to himself as "plaintiff") alleges that the "proceedings were given termination in favor of the plaintiff in a manner

---

[2] Although not attached to or directly referenced in the complaint, the Court considers the contempt order, Elder's prisoner data sheet, and Elder's electronic docket, because they are "matters of public record" of which the Court "may take judicial notice . . . without converting the 12(b)(6) motion into a motion for summary judgment." *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000).

3

indicating plaintiff was innocent which may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the conviction, a voluntary dismissal (SOL) by the prosecutor, nolle prosequi order, or purge of charges." *Id.* ¶ 8.

Elder alleges that he was mistreated in several different ways while he was detained in Cook County Jail. Most of these allegations are not relevant to the claims the Sheriff has moved to dismiss, so it is not necessary for the Court to review them in detail. In general, however, Elder alleges that while he was in jail he did not receive adequate medical care, he was denied materials necessary to practice his religion, he was denied access to legal materials, and he was physically injured. *See* R. 12.

More relevant to this motion, Elder alleges that "Defendant officer or official [sic] acted pursuant to a custom or policy of defendant municipality." *Id.* ¶ 6. Elder describes the "custom or policy" as follows:

> All officials of CCDOC execute all duties under the mandating authority and regulations of Head Sheriff Thomas Dart's Cook County Sheriff Department.; [sic] it is upon the CCDOC to ensure all detainees are properly identified by legal name; it is upon CCDOC to ensure detainees' right to exercise religion shall not be substantially burdened; it is upon the CCDOC to ensure all disabled individuals receive necessary prescriptions and orders of physician; all physical contact issues between inmates or personnel within CCDOC are to be recorded by officials; all CCDOC officials are not to commit any action that would be disruptive to the harmony of the facility or in disregard to the safety of detainees or facility in general; all physical contact issues between inmates or personnel within CCDOC are to be recorded by officials; CCDOC is to ensure access to legal

> information necessary to adequately defend against any allegations in cause of detainment within facility; CCDOC is to provide access to necessary medical attention to disabled detainees.

*Id.* Elder also alleges that Defendants "conspired together to violate one or more of [his] civil rights." *Id.* at 5 (Count V). The only other allegation Elder makes that could be relevant to his conspiracy claim is, "All activities within the facility are recorded by multiple officials at any given time. This ensures that all actions and/or decisions, intentionally or negligently, are knowledgeable to all officials and/or officers." *Id.* ¶ 34. Elder also makes claims for "false arrest . . . false imprisonment, [and] malicious prosecution," *id.* ¶ 38, but he does not make any factual allegations related to these claims.

## Analysis

### I. *Monell* Claim

Although "a municipality cannot be held liable under § 1983 on a respondeat superior theory," "municipalities and other local government units [are] included among those persons to whom § 1983 applies." *Monell*, 436 U.S. at 690-91; *accord Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). "A local governing body may be liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010).

Elder has not alleged that "an official with final policy-making authority" caused his injuries, and he has made only a conclusory allegation that his alleged injuries are the result of a custom or policy of the Sheriff (or any other entity for that matter). He purports to describe the custom or policy that caused his injuries, but Elder's description is merely a list of rights he believes detainees possess while they are in jail. *See* R. 12 ¶ 6. Nowhere in his complaint does Elder explain what custom or policy caused his injuries. Because he has failed to do that, his claims against the Sheriff (and any other municipal entities) are dismissed.

Even if Elder had identified the custom or policy that caused his injuries, the factual allegations in his complaint are insufficient to support the inference that a custom or policy (of any kind) existed. One reason Elder's allegations are insufficient is that he only makes allegations of conduct directed at him. "[I]t is not impossible for a plaintiff to demonstrate the existence of an official policy or custom by presenting evidence limited to his experience. However, it is necessarily more difficult for a plaintiff to demonstrate an official policy or custom based only on his own experience because what is needed is evidence that there is a true municipal policy at issue, not a random event." *Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008) (internal citation omitted). For this reason, courts in this district generally dismiss *Monell* claims in which "[a]ll of the allegations in the Complaint pertain exclusively to [the plaintiff]." *Davis v. Metro. Pier & Exposition Auth.*, 2012 WL 2576356, at *12 (N.D. Ill. July 3, 2012); *Lewis v. County of Cook*, 2011 WL 839753, at *14 (N.D. Ill. Feb. 24, 2011) (dismissing *Monell* claim because the

plaintiff "does not allege facts supporting retaliatory conduct against anyone other than herself"); *Travis v. City of Chicago*, 2012 WL 2565826, at *5 (N.D. Ill. June 29, 2012) ("although [the plaintiff] states that he himself made complaints, he does not identify any other people who complained to the City"). Elder has not alleged that the Sheriff had a policy to mistreat Elder in particular, and the Court cannot reasonably infer that a custom or practice caused Elder's alleged injuries from Edler's experience alone. Thus, his claims against the Sheriff are dismissed for this reason as well.

Additionally, Elder's allegations are insufficient because he has not alleged more than one occurrence of any of the various forms of mistreatment he alleges. Although "there is no clear consensus as to how frequently [certain] conduct must occur to impose *Monell* liability [under the custom and practice theory]," the Seventh Circuit has held "that it must be more than one instance, or even three." *Thomas*, 604 F.3d at 303 (internal quotation marks and citations omitted). Elder has alleged that (1) he was denied adequate medical care; (2) his right to religious freedom was violated; and (3) his right to legal materials was violated. He also alleges that he was falsely arrested and imprisoned. The only facts common to these allegations are Elder himself and the Cook County Jail. The Court has already explained that Elder's allegations fail to state a claim for a custom or practice because he only makes allegations about his own experience. Absent some connection among the various injuries Elder alleges other than Elder being the subject of the injuries, they cannot serve as evidence of the same custom or practice.

7

For the facts as Elder has stated them in his complaint to support a claim against the Sheriff (or any other entity), Elder would also have to allege that the Sheriff had separate policies to deny detainees adequate medical care, to violate their right to religious freedom, to violate their right to access to legal materials, and to falsely arrest and imprison them. But having only alleged one instance of each of these rights violations, Elder's complaint fails to allege a custom, policy, or practice. Thus, his claims against the Sheriff also fail on this basis.

## II. Conspiracy

Elder also alleges that Defendants "conspired together to violate one or more of Plaintiff's civil rights." R. 12 at 5. "A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means." *Beaman v. Freesmeyer*, --- F.3d ---, 2015 WL 156744, at *9 (7th Cir. Jan. 13, 2015). "To establish conspiracy liability in a § 1983 claim, the plaintiff must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Id.* Elder has alleged none of this. There is no mention of an *agreement* to do anything in the complaint, let alone overt acts in furtherance of an agreement. Elder merely makes the bare allegation that a "conspiracy" occurred. This unadorned and conclusory statement is not enough to state a claim for conspiracy, thus Elder's conspiracy claim is dismissed.

## III. False Arrest, False Imprisonment, and Malicious Prosecution

Under Illinois law, probable cause is a defense to false arrest, false imprisonment, and malicious prosecution. *See Gauger v. Hendle*, 954 N.E.2d 307, 327 n.6 (Ill. App. Ct. 2d Dist. 2011) ("If probable cause existed for the arrest, an action for false arrest cannot lie."); *Martel Enters. v. City of Chicago*, 584 N.E.2d 157, 161 (Ill. App. Ct. 1st Dist. 1991) ("Probable cause is an absolute bar to a claim of false imprisonment."); *Johnson v. Target Stores, Inc.*, 791 N.E.2d 1206, 1219-20 (Ill. App. Ct. 1st Dist. 2003) ("If it appears that there was probable cause to institute the proceedings, such fact alone constitutes an absolute bar to an action for malicious prosecution."). The Court has taken judicial notice of an order of contempt issued by the Illinois Circuit Court. This order directed the Sheriff to arrest Elder and gave the Sheriff probable cause to do so. Moreover, the Sheriff had no discretion to ignore this order. Since the Sheriff had probable cause to arrest Elder, Elder has failed to state a claim for false arrest, false imprisonment, and malicious prosecution, and those claims are dismissed.

## Conclusion

For the foregoing reasons, the Sheriff's motion to dismiss, R. 13, is granted. Elder's claims against the Sheriff made pursuant to *Monell* are dismissed without prejudice, and Elder's claims for conspiracy, false arrest, false imprisonment, and malicious prosecution, are dismissed without prejudice. Elder has leave to attempt to cure the deficiencies described by the Court in an amended complaint by

9

February 18, 2015. The status hearing scheduled for February 19, 2015 stands. The Court expects an Assistant State's Attorney to appear at the February 19 status.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: February 4, 2015